UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM EARL WOODY,<br><br>Defendant. | NO. 2:17-CR-0070-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's *pro se* letter to the Court construed as a Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 49. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's construed Motion for Compassionate Release, ECF No. 49, is denied.

## BACKGROUND

On February 21, 2018, Freedom Earl Woody appeared before the Court, waived indictment, and entered a plea of guilty to the Information Superseding

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

Indictment filed on February 21, 2018, charging him with one count of Production of Child Pornography and Attempt, in violation of 18 U.S.C. § 2251(a). ECF Nos. 26, 31. On June 20, 2018, this Court sentenced Defendant to a 252-month term of imprisonment, followed by a 30-year term of supervised release, and an order of forfeiture. ECF No. 45. Defendant was remanded to the custody of the United States Marshal to begin his term of imprisonment. *Id.*

Defendant filed the instant construed Motion for Compassionate Release on June 16, 2020. ECF No. 49. Defendant argues that he should be granted compassionate release because of the coronavirus pandemic, and because he has been successfully programming. *Id.* He explains that he has "Bronchitis Asthma." *Id.* Defendant has not shown that he has exhausted his administrative remedies or is otherwise eligible for release.

## DISCUSSION

**A. Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may

now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Exhaustion or Lapse of 30 days**

Defendant has failed to demonstrate that he exhausted his administrative remedies or ever submitted a COVID-19 based request to the warden at USP

Tucson, thus, the Court has no jurisdiction to proceed.

**C. Extraordinary and Compelling Reasons**

Moreover, Defendant has failed to establish that there are extraordinary and compelling reasons for a reduction in sentence.

D. **Factors under 18 U.S.C. § 3553(a)**

Defendant has not established that the sentencing factors set forth in 18 U.S.C. § 3553(a) would warrant a motion for compassionate release. The sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant has not established that he no longer poses a danger to the community.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's *pro se* letter to the Court construed as a Motion for Compassionate Release, ECF No. 49, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** July 6, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4